## John Drew, Plff. in Err., v. Gaylord Coal Company.

A corporation—here a coal mining company—is not bound, as towards its employees, to take precaution against all possible dangers.   Its full duty is performed by guarding them against those reasonably probable.

(Decided April 26, 1886.)

---

Cited in Linkitus v. Butler Colliery, 7 Kulp, 73, 76.

NOTE.—The standard of safety for appliances is to be determined by finding whether such are in ordinary use.   Service v. Shoneman, 196 Pa. 63, 79 Am. St. Rep. 689; 46 Atl. 292; Purdy v. Westinghouse Electric & Mfg. Co. 197 Pa. 257, 51 L. R. A. 881, 80 Am. St. Rep. 816, 47 Atl. 237; Fick v. Jackson, 3 Pa. Super. Ct. 378, 39 W. N. C. 534; Keenan v. Waters, 181 Pa. 247, 37 Atl. 342.   The mere fact that other precautions had been taken, which were not ordinarily used, the injury would not have occurred, will not constitute negligence.   Augerstein v. Jones, 139 Pa. 183, 23 Am. St. Rep. 174, 21 Atl. 24; Payne v. Reese, 100 Pa. 301.   Nor is the employer bound to furnish safety devices when not commonly used.   Schall v. Cole, 107 Pa. 1; Grabowski v. Pennsylvania Steel Co. 2 Dauphin Co. Rep. 118.   But, if he does furnish a safety device,

Error to the Common Pleas of Luzerne County to review a judgment in an action to recover damages for personal injuries. Affirmed.

The following is the opinion of the court below, upon a rule to show cause why the nonsuit should not be taken off:

The plaintiff brought this action to recover damages for personal injuries received by him in the mines of the defendant. The accident which caused the injury was the result of the breaking of a drawhead or coupling between two loaded coal cars, as they were ascending the slope up which all the coal from these mines was taken. One of the cars thus detached ran very rapidly down the slope back into the mines. Near the bottom of the slope it left the track, throwing its contents to the ground. Pieces of coal thus scattered struck the plaintiff, inflicting upon him personal injuries of a serious character which laid him up for several months, and which, it is alleged, have permanently disabled him for active labor.

At the conclusion of the trial the defendant asked for a compulsory nonsuit, on the ground that the plaintiff had failed to produce any such evidence of negligence on its part as would justify the submission of the case to the jury. Upon such con-

he is bound to keep it in repair. De Grazia v. Piccardo, 15 Pa. Super. Ct. 107.

As to duties of master in general, see the following editorial notes containing a full presentation of the authorities on their respective subjects: Duty of master to instruct and warn servants as to the perils of the employment, note to James v. Rapides Lumber Co. 44 L. R. A. 33; duty with regard to rules promulgated for the safe conduct of the business, note to Nolan v. New York, N. H. & H. R. Co. 43 L. R. A. 305; duty of master to furnish medical aid to servant, note to Ohio & M. R. Co. v. Early, 28 L. R. A. 546; duty of master with respect to the employment of servant, note to Smith v. St. Louis & S. F. R. Co. 48 L. R. A. 368; liability for employing drunkard, Kingston v. Ft. Wayne & E. R. Co. 40 L. R. A. 146; servant's right of action for injuries received in obeying a direct command, note to Dellemand v. Saalfeldt, 48 L. R. A. 753; statutory liability of employers for defects in the condition of their plant, note to Coley v. North Carolina R. Co. 57 L. R. A. 817; injuries to servants caused by projecting screws in shafts and other moving machinery, note to Ford v. Mt. Tom Sulphite Pulp Co. 48 L. R. A. 96; injuries to employee caused by electric shock, note to Western U. Teleg. Co. v. McMullen, 32 L. R. A. 351; duty of railroad company to fence track, note to Dickson v. Omaha & St. L. R. Co. 25 L. R. A. 320; duty to block switches, note to Narramore v. Cleveland, C. C. & St. L. R. Co. 48 L. R. A. 68.

sideration as we are able to give the question, thus presented at the time, we granted the motion for a nonsuit, and at the same time entered the present rule.

The plaintiff is a blacksmith, and as such had been employed in and about these mines for ten years. During all this time it had been his habit to enter and leave the mines by the slope. Upon the day of the accident he had been engaged in putting shoes on some of the mules at work in different parts or passages of the mine, and while near the foot of the slope awaiting a movement of the cars which would permit him to reach the man-way and go out of the mines, he met with the accident which we have already described.

It will relieve us of the consideration of much irrelevant learning on the general subject of negligence to bear in mind at the outset that the plaintiff was an employee of the defendant. The legal relation existing between the parties was that of master and servant. It follows from this, of course, that the law of negligence and the evidence of negligence must have reference to this relation.

What, then, in its general statement, is the rule of the law as to the liability of the employer for injuries to the employee while engaged in his customary employment by reason of an accident? Judge REDFIELD, in his work on Railroads, p. 545, 5th ed., quotes with approval the language of the court in Dynen v. Leach, 26 L. J. Exch. N. S. 221, as follows: "Where an injury happens to a servant in the use of machinery, in the course of his employment, of the nature of which he is as much aware as his master, and the use of which is the proximate cause of the injury, the servant cannot recover, . . . there being no evidence of any personal negligence on his part conducing to the injury. Nor does it vary the case that the master has in use in his works an engine or machine less safe than some other which is in general use; or that there was another and safer mode of doing the business which had been discarded by his orders."

The most recent cases in our own state on this subject recognize and approve the same doctrine. In Northern C. R. Co. v. Husson, 13 W. N. C. 361, our supreme court says: "We cannot agree that the risk to which an employer subjects his employees suffices to impose liability upon the former, as being extraordinary in character, merely because the injury in a partic-

ular case might possibly have been prevented by some different device. Almost all accidents could be avoided if the special manner of their occurrence could be foreseen, etc."

In Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 280, 37 Am. Rep. 684, the language of the court is as follows: "The master's liability arises from the fact that he subjects his servant to dangers which in good faith he ought to provide against; but he is not responsible for those dangers to which the servant voluntarily subjects himself, though he does so without carelessness or breach of duty."

In Payne v. Reese, 100 Pa. 301, it was said that "an employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation in order to save himself from responsibility for accidents resulting from its use. If the machinery be of an ordinary character and such as can, with reasonable care, be used without danger to the employee, it is all that can be required from the employer; this is the limit of his responsibility and the sum total of his duty."

In the case before us there was an entire absence of proof that the machinery and mining appliances were not of an ordinarily safe character. Taken in the most favorable light for the plaintiff, the evidence showed no more than this: That other and safer methods for raising the coal might have been employed, and that, if such methods had been adopted, probably the accident would not have happened.

Whether the injury sustained by the plaintiff is to be traced, as to the breaking of the drawhead, its proximate cause, to the bad construction of the landing at the top of the slope; to a defect in the material or workmanship of the drawhead itself; or to the want of brakes or fans, so arranged that they might have stopped the runaway car before it reached the point where the plaintiff was standing,—it is not necessary, under the circumstances of the case, to decide, for, as we have said, there was no evidence that in any of the particulars named the machinery was not fairly and ordinarily safe; and furthermore, there was very distinct and affirmative evidence that the plaintiff, from his ten years' employment at these mines, was entirely familiar with all the arrangements and machinery for raising the coal, as well as with the methods of entrance and exit to and from the mines themselves, usually adopted by all the employees. . . .. In

the case before us it was shown that not less than 100 men were employed in the mines operated by the Gaylord Coal Company. Four hundred and forty cars, upon an average, were hoisted up this slope every working day. That the manner of bringing the coal up the slope was regarded as fairly and ordinarily safe is shown by the fact that no complaint had ever been made by any of the employees, as well as by the further fact that no accident resulting in personal injury to an employee, prior to the one in question, had ever happened. Nor was there any evidence in the case to show that the drawhead or coupling which broke was constructed of defective material, or by an incompetent workman. The alterations made at the head of the slope, and the precautionary measures adopted by the defendant to stop runaway cars after the accident, while they might be cumulative evidence of negligence in a case where it was shown that the existing appliances were not ordinarily safe, cannot substantively and of themselves be held to establish negligence on the part of the employer. Science and experience are constantly suggesting improved methods and greater safeguards in conducting business; but to hold that their adoption implies previous want of ordinary care and is tantamount to proof of previous negligence would be to go further than any decision of our courts has yet gone.

As to the duty of the court to grant compulsory nonsuits, we refer to the following cases: Mad River & L. E. R. Co. v. Barber, 5 Ohio St. 567, 67 Am. Dec. 312, where it is said that what constitutes negligence in any particular relation is ordinarily a mixed question of law and fact; but what duty the law implies as incident to any particular relation or employment is always a question of law for the court.

Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450. "Where . . . there is no such evidence of negligence, or at most a scintilla, it is the duty of the court to withdraw the case from the jury." Northern C. R. Co. v. Husson, 13 W. N. C. 361. Where there is no evidence that the risk run by the decedent was extraordinary in its nature, it is error to submit that question to the jury. See also King v. Boston & W. R. Corp. 9 Cush. 112.

The rule to show cause why the nonsuit shall not be taken off is discharged.

Plaintiff brought error.

C. W. McAlarney and A. Ricketts, for plaintiff in error.—

In view of the facts that the court has held that "a master who employs a servant in dangerous work is bound to take all reasonable precautions for his safety," and that the testimony offered on behalf of the plaintiff in the trial of the cause below shows, not only an utter disregard of the servant's safety, but a failure to adopt those appliances in common use about mines, we feel justified in saying that the court erred in directing a judgment of nonsuit to be entered, and in refusing to take it off. Weger v. Pennsylvania R. Co. 55 Pa. 460; O'Donnell v. Allegheny Valley R. Co. 59 Pa. 239, 98 Am. Dec. 336; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Sykes v. Packer, 11 W. N. C. 496; Johnson v. Bruner, 61 Pa. 61, 100 Am. Dec. 613; Oak Bridge Coal Co. v. Reed, 5 W. N. C. 3.

A different degree of care is required where there is reason to apprehend danger, from that which is necessary where none is expected. Pennsylvania R. Co. v. Ogier, 35 Pa. 60, 78 Am. Dec. 322.

The master is bound to maintain suitable instrumentalities for the duties required of his servants; and, if he does not, he is liable for injuries for his neglect. Patterson v. Pittsburg & C. R. Co. 76 Pa. 390, 18 Am. Rep. 412. See Snow v. Housatonic R. Co. 8 Allen, 441, 85 Am. Dec. 720; Johnson v. Bruner, 61 Pa. 61, 100 Am. Dec. 613; Caldwell v. Brown, 53 Pa. 453; Frazier v. Pennsylvania R. Co. 38 Pa. 104, 80 Am. Dec. 467.

It is the duty of every employer to exercise reasonable care in providing his laborers with safe machinery, suitable tools and appliances, adapted to the uses for which they are designed. Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Oak Bridge Coal Co. v. Reed, 5 W. N. C. 3.

If, in view of all the circumstances, the master ought to have known of and guarded against the danger, he is liable for all the consequences of his neglect. Addison, Torts, § 254, and notes; Noyes v. Smith, 28 Vt. 59, 65 Am. Dec. 222; O'Donnell v. Allegheny Valley R. Co. 59 Pa. 239, 98 Am. Dec. 336.

A railroad company is bound to exercise reasonable care in procuring good and strong brake-chains and in maintaining and repairing them; and will be liable in case of the death of an employee, occasioned by a failure to perform its duty in this respect. Philadelphia & R. R. Co. v. Agnew, 11 W. N. C. 394; Bessex v. Chicago & N. W. R. Co. 45 Wis. 477; Ryan v. Fowler, 24 N. Y. 410, 82 Am. Dec. 315; Laning v. New York C. R. Co. 49 N. Y.

521, 10 Am. Rep. 417; Empire Transp. Co. v. Wamsutta Oil Ref. & M. Co. 63 Pa. 17, 3 Am. Rep. 515; Sullivan v. Philadelphia & R. R. Co. 30 Pa. 239, 72 Am. Dec. 698.

Great danger demands higher vigilance and more efficient means to secure safety. Frankford & B. Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 350, 93 Am. Dec. 708; West Chester & P. R. Co. v. McElwee, 67 Pa. 314.

But where the measure of duty is not unvarying; where, under some circumstances, a higher degree of care is demanded than under others; where both the duty and the extent of its performance are to be ascertained as facts,—a jury alone can determine what is negligence and whether it has been proved. West Chester & P. R. Co. v. McElwee, 67 Pa. 315; McCully v. Clarke, 40 Pa. 399, 80 Am. Dec. 584; Citizens' Ins. Co. v. Marsh, 41 Pa. 386; North Pennsylvania R. Co. v. Heileman, 49 Pa. 60, 88 Am. Dec. 482; Pittsburg & C. R. Co. v. McClurg, 56 Pa. 295; Glassey v. Hestonville, M. & F. Pass. R. Co. 57 Pa. 172; Pennsylvania R. Co. v. Barnett, 59 Pa. 259, 98 Am. Dec. 346; Johnson v. Bruner, 61 Pa. 58, 100 Am. Dec. 613; Johnson v. West Chester & P. R. Co. 70 Pa. 357; Kay v. Pennsylvania R. Co. 65 Pa. 273, 3 Am. Rep. 628.

The question as to whether due care was exercised by the defendant is a pure question of fact for the jury. Oak Bridge Coal Co. v. Reed, 5 W. N. C. 3; Pennsylvania R. Co. v. Henderson, 51 Pa. 315; West Chester & P. R. Co. v. McElwee, 67 Pa. 311; Frankford & B. Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 350, 93 Am. Dec. 708; Landreth v. American S. S. Co. 11 W. N. C. 416; Pennsylvania R. Co. v. White, 88 Pa. 333; Philadelphia & R. R. Co. v. Agnew, 11 W. N. C. 394; Holmes v. Watson, 29 Pa. 457.

The employee is not bound to do more than raise a reasonable presumption of negligence on the part of the master. Wharton, Neg. § 428; Greenleaf v. Illinois C. R. Co. 29 Iowa, 14, 4 Am. Rep. 181.

In an action for negligence, if the plaintiff makes out a prima facie case, the burden is on the defendant to prove care, and thus establish negligence in the plaintiff. Pennsylvania Canal Co. v. Bentley, 66 Pa. 30.

But the very nature of the accident may, of itself and through the presumptions it carries, supply the required proof. Wharton, Neg. § 321.

Rummell v. Dilworth P. & Co. 111 Pa. 343, 1 Cent. Rep. 905, 2 Atl. 355, 363, is directly and expressly decisive of this case.

*H. B. Payne* and *H. W. Palmer,* for defendant in error.—In Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684, Judge GORDON says: "Sentmeyer had been for several months previous to the accident employed as flagman on one of the trains of this road, and therefore had, or ought to have had, knowledge of the height of the cars used upon it, and also of the height of this bridge. These·were matters which addressed themselves to his own observation, and, as we have already said, for the prudent exercise of that observation he was responsible." To the same effect, Devitt v. Pacific R. Co. 50 Mo. 302; and Frazier v. Pennsylvania R. Co. 38 Pa. 111, 80 Am. Dec. 467.

In the last case, LOWRIE, Ch. J., says: "But, if the plaintiff knew that his conductor was habitually careless, and chose to continue in service with him, and did not inform the company of his known acts of carelessness and refuse to serve with him, he can have no claim against the company for injuries suffered from further carelessness, even if the company did also know." See Beach, Contrib. Neg. p. 369; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185, 36 Am. Rep. 662.

Where an employee has knowledge that machinery is defective and dangerous, and in the course of his employment continues to use it without notifying his employer of such defect and asking him to repair, he voluntarily accepts the risk, and cannot, in case of injury from such cause, recover damages therefor. Clarke v. Holmes, 7 Hurlst. & N. 937; Wharton, Neg. §§ 212, 217; Mad River & L. E. R. Co. v. Barber, 5 Ohio St. 541, 67 Am. Dec. 312; Priestley v. Fowler, 3 Mees. & W. 1.

In Kelley v. Silver Springs Bleaching & Dyeing Co. 12 R. I. 112, 34 Am. Rep. 615, it is held that, where an employer has kept imperfect and unfenced machinery in use for a long time, and it has been safely used by his employees, he is not liable in damages for an injury to one of them, occasioned by its unfitness. Sullivan v. India Mfg. Co. 113 Mass. 396; Burke v. Witherbee, 98 N. Y. 562; Hayden v. Smithville Mfg. Co. 29 Conn. 548; Hobbs v. Stauer, 62 Wis. 108; Schroeder v. Michigan Car Co. 56 Mich. 132, 22 N. W. 220. See Green & C. Street Pass. R. Co. v. Bresmer, 97 Pa. 106; Wharton, Neg. §

214; Murphy v. Crossan, 98 Pa. 497; Sykes v. Packer, 99 Pa. 468.

PER CURIAM:

The right of the plaintiff to recover was based on his ability to prove negligence on the part of the defendant. This he wholly failed to do. The company is not bound to protect its. employees against possible dangers. Its full duty is performed by guarding them against those reasonably probable.

The knowledge of the plaintiff of the machinery and appliances, including their condition and mode of operation, was. ample. He unfortunately suffered from the danger incident to his employment, under a high degree of care of the defendant.

Judgment affirmed.